14 F.3d 597
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Brinkley EDWARDS, Defendant-Appellant.
 No. 92-5617.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: Nov. 15, 1993.
Decided: Dec. 20, 1993.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville.
 Stephen Paul Lindsay, for appellant.
 Jerry Wayne Miller, Office of the U.S. Atty., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before NIEMEYER and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Harold B. Edwards appeals the ninety-three month sentence imposed by the district court following his plea of guilty to bank robbery and the use of a firearm during a crime of violence. 18 U.S.C. Sec. 2113(a) (1988), 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1992). Finding no error, we affirm.
 
 
 2
 Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), discussing two potential issues on appeal but stating that they lacked merit. Edwards has also filed a supplemental informal brief raising several issues.
 
 
 3
 A thorough review of the record demonstrates that the district court properly sentenced Edwards according to the guidelines contained in United States Sentencing Commission, Guidelines Manual (Nov.1991). As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude that there are no nonfrivolous grounds for appeal. To the extent that Edwards appeals the district court's refusal to grant a downward departure for diminished capacity, we dismiss for lack of jurisdiction. See United States v. Bayerle 898 F.2d 28 (4th Cir.1990) (refusal to depart downward from the guideline range is not appealable). As to Edwards's claim that the court erred in refusing to allow him a three point adjustment for acceptance of responsibility, the guideline upon which Edwards relies is not retroactively applicable. See U.S.S.G. Secs. 1B1.10, 3E1.1 (Nov.1992). Finally, the guidelines provision permitting only the United States to make a motion for departure for substantial assistance complies with the Due Process Clause. Wade v. United States, 60 U.S.L.W. 4389 (U.S.1992).
 
 
 4
 Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A (1988)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 5
 We grant the Appellees' motion to waive the briefing requirement and for summary affirmance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED